# Exhibit 1

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2382CV01024

William E. New _____, *Plaintiff(s)*

v.

_____ Rubbermaid Incorporated, et al _____, *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon <u>Rubbermaid Incorporated</u>, plaintiff's attorney, whose address is <u>Kenney & Conley, PC, 100 Grandview Rd., Ste. 218, Braintree MA 02184</u>, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Heidi E. Brieger Esquire , at _____ the ___ 15 ___

day of ___ April ___, in the year of our Lord two thousand and ___ 24 ___

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest:

Deputy Sheriff Suffolk County

4-19-24

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................,20      , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

Dated:                            ,20      ..................................................................

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
DEFENDANT.

|  |
|---|
| ,20 |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    SUPERIOR COURT
                               CIVIL ACTION
                               NO.

William E. New ...................., *Plaintiff*

v.

Rubbermaid Incorporated,....et...al, *Defendant*

SUMMONS

(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2382CV01024

|  |  |
|---|---|
| WILLIAM E. NEW, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| WALMART INC., and | ) |
| RUBBERMAID | ) |
| INCORPORATED | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## THE PARTIES

1.      The plaintiff, William New, resides in Weymouth, Norfolk County, Commonwealth of Massachusetts.

2.      The Defendant, Walmart Inc., is a duly constituted corporation with a principal place of business located at 702 SW 8th Street in Bentonville, Arkansas.  At all times material hereto, the Defendant, Walmart Inc. was in the business of manufacturing, distributing, and/or selling glass jars known as 'canning jars' and which are sold under the label of Ball branded mason jars.

3.      The Defendant, Rubbermaid Incorporated, is a duly constituted corporation with a principal place of business located at 8935 Northpointe Executive Drive, Huntersville North Carolina.  At all times material hereto, the Defendant, Rubbermaid Incorporated,

was in the business of designing, manufacturing, distributing, and/or selling glass jars known as 'canning jars' and which are sold under the label of Ball branded mason jars.

4.    The Defendant, Walmart Inc., on or about April 14, 2022, sold to Plaintiff, William New, a package of Ball branded mason jars at its store located at 740 Middle Street, Weymouth Massachusetts.

5.    The jars sold to Plaintiff on April 14, 2022, were designed, manufactured, and distributed by the Defendant, Rubbermaid Incorporated.

6.    The canning jars purchased by Plaintiff on April 14, 2022, were defective, unreasonably dangerous, lacked adequate warnings, and unsuited for their intended purpose in that a defectively designed or manufactured jar shattered during its intended and reasonably foreseeable use.

7.    On May 21, 2022, Plaintiff retrieved an unused jar ('the Jar') from the package purchased on April 14, 2022, and attempted to remove the Jar's 2-part lid.  While attempting to remove the lid, the Jar suddenly and unexpectedly shattered in Plaintiff's hand, and shards of glass caused deep lacerations in Plaintiff's hand.

8.    The incident resulted in whole or in part from the negligence and breach of warranty on the part of the Defendants providing a defectively designed and manufactured jar which lacked adequate warnings.

9.    As a result, the plaintiff, William New, suffered serious injuries including a severe and permanent disability, was prevented from transacting his business, suffered great pain of body and mind, and incurred expense for medical attention and hospitalization.

10.    On November 30, 2023, Plaintiff, through counsel, sent a demand letter pursuant to M.G.L. c. 93A §§ 2 & 9 ("93A Demand) to Defendant, Walmart, Inc., via certified mail.

11.    On December 19, 2023, Defendant Walmart Inc., through counsel, contacted Plaintiff's counsel to request a 30-day extension to respond to Plaintiff's 93A Demand.

12.    Plaintiff's counsel granted the requested 30-day extension to Walmart Inc.

13.    On January 29, 2024, the Defendant, Walmart Inc., through counsel, contacted Plaintiff's counsel to request an additional 14-day extension, through February 16, 2024, to respond to Plaintiff's 93A Demand.

14.    Plaintiff's counsel granted the requested 14-day extension to Defendant, Walmart, Inc.

15.    Defendant, Walmart, Inc., responded to Plaintiff's 93A Demand on February 16, 2024, denying liability and failing to make any offer of settlement.

16.    All conditions precedent to this action have occurred or been performed.

## FIRST CAUSE OF ACTION

17.    The First Cause of Action is an action by William New against Walmart Inc. for negligence resulting in personal injury.

## SECOND CAUSE OF ACTION

18.    The Second Cause of Action is an action by William New against Walmart Inc. for breach of warranty resulting in personal injury.

## THIRD CAUSE OF ACTION

19.    The Third Cause of Action is an action by William New against Rubbermaid Incorporated for negligence resulting in personal injury.

## FOURTH CAUSE OF ACTION

20.    The Fourth Cause of Action is an action by William New against Rubbermaid Incorporated for breach of warranty resulting in personal injury.

## FIFTH CAUSE OF ACTION

21.    The Fifth Cause of Action is an action by William New against Walmart Inc. for violations of M.G.L. c. 93A §§ 2 & 9.

WHEREFORE, the Plaintiff, William New, demands judgment against the Defendants, Walmart Inc., and Rubbermaid Incorporated., in an amount that is fair, together with interest and costs and reasonable attorneys' fees, and any other relief to which he may be entitled.

## PLAINTIFF DEMANDS A TRIAL BY JURY

**William E. New,**
By his counsel,

*/s/ John T. Ford*

J. Michael Conley BBO #094090
John T. Ford BBO #705357
Kenney & Conley, P.C.
100 Grandview Road, Suite 218
Post Office Box 9139
Braintree, MA 02185-9139
Telephone: (781) 848-9891
michael@kenneyconley.com
john@kenneyconley.com

Date: March 19, 2024

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2382CV01024 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>William E New vs. Walmart, Inc. et al | Walter F. Timilty, Clerk of Courts<br>Norfolk County |
|---|---|

| TO: John T Ford, Esq.<br>Kenney and Conley, P.C.<br>100 Grandview Rd<br>Suite 218<br>Braintree, MA 02184 | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                        DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/05/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 03/06/2024 | |
| All motions under MRCP 12, 19, and 20 | 03/06/2024 | 04/05/2024 | 05/06/2024 |
| All motions under MRCP 15 | 12/31/2024 | 01/30/2025 | 01/30/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/27/2025 | | |
| All motions under MRCP 56 | 11/26/2025 | 12/26/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/27/2026 |
| Case shall be resolved and judgment shall issue by | | | 11/06/2026 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**11/07/2023** | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 11-07-2023 15:13:42                                                                        SCV026\ 08/2018

(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:
RECEIVED & FILED    TORT - MOTOR VEHICLE TORT - CONTRACT -

2024 APR 26  AM 9: 50    EQUITABLE RELIEF - OTHER)

CLERK    COMMONWEALTH OF MASSACHUSETTS
NORFOLK COUNTY

NORFOLK, ss.                                                SUPERIOR COURT
                                                            CIVIL ACTION

                                                            NO. 2382CV01024


            William E. New                              , *Plaintiff(s)*


                             v.


            Rubbermaid Incorporated, et al               , *Defendant(s)*


                           SUMMONS

To the above-named Defendant:

    You are hereby summoned and required to serve upon  Rubbermaid Incorporated
plaintiff's attorney, whose address is Kenney & Conley, PC, 100 Grandview Rd., Ste. 218, Braintree
MA 02184
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

    WITNESS,  Heidi E. Brieger    Esquire  }, at _____ the ____15____

day of ____April_____, in the year of our Lord two thousand and ____24_____

                                                            _____Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**April 19, 2024**

I hereby certify and return that on 4/19/2024 at 8:40 AM I served a true and attested copy of the Summons, First Amended Complaint and Tracking Order in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez,  agent and person in charge at the time of service for Rubbermaid Incorporated, at 84 State Street Corporation Service Company Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($6.40) Total: $42.70

Deputy Sheriff    Joseph Casey

*Joseph. P. Casey*

*Deputy Sheriff*

, 20

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NO.

NORFOLK, ss.

William E. New .............., *Plaintiff*

V.

Rubbermaid Incorporated,.....et al, *Defendant*

SUMMONS

(Mass. R. Civ. P.4)