**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **WILLIAM NEW,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 24-11277-BEM** |
| **RUBBERMAID INCORPORATED and WALMART INC.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

**MURPHY, J.**

Plaintiff Willaim New brought this products liability action against Defendants Walmart, Inc. ("Walmart") and Rubbermaid Incorporated ("Rubbermaid") (together, "Defendants") after a mason jar purportedly manufactured by Rubbermaid and sold by Walmart allegedly shattered and injured New. New brought claims for negligence (Counts I and III), breach of warranty (Counts II and IV), and violations of Mass. Gen. Laws ch. 93A §§ 2, 9 (Counts V and VI) against both defendants. Before the Court now are Walmart's motion for summary judgment, Walmart's motion to exclude the opinions of New's expert, Rubbermaid's motion for summary judgment, Defendants' motion to limit trial testimony by New's expert, and New's motion to exclude evidence and expert opinions related to other jars. For the reasons set forth below, the Court will grant both motions for summary judgment and Walmart's motion to exclude the expert opinions and deny as moot the remaining discovery motions.

## I. Background

### A. Factual Background

New purchased a package of Ball Widemouth Quart Jars from a Walmart store in Weymouth, Massachusetts. Dkt. 74 (New's Response to Walmart's Statement of Material Facts or "RSMF") ¶¶ I.1, II.1[1]; *see also* Dkt. 66-7 at 2–3. The jars were not visibly broken when he purchased them. RSMF ¶¶ I.3, II.2. When New arrived home, he placed the package of jars in a kitchen cabinet and did not access the jars again until the date of the incident, more than five weeks later. *Id.* ¶¶ II.3–4.

The nature of the incident itself is in dispute. The parties disagree as to whether the jar ("the subject jar") broke as New attempted to open it, or whether New injured himself on the jar when he swatted at an ant. *Id.* ¶¶ II.5–9; *see also* Dkt. 74-1 at 3 (report from New's visit to the emergency department stating that "Pt reports that he was washing the dishes and went to swat an ant away and somehow cut his palm on thick glass from a canning jar"). After the incident, New sought medical care for his injured hand, RMSF ¶ II.8, and the subject jar was thrown away, *id.* ¶ II.15.

### B. Procedural Background

New filed this action in Norfolk County Superior Court on November 7, 2023, Dkt. 10 at 6–9, and filed a first amended complaint on March 24, 2024, *id.* at 13–16. Defendants removed the action to this Court on May 14, 2024. Dkt. 1. New filed a second amended complaint on September 24, 2026. Dkt. 24.

---

[1] Unless otherwise noted, citation to the RSMF, Dkt. 74, refers to the facts as admitted or substantially agreed upon by New and Walmart.

New retained an expert, Dr. Paul F. Duffer, to opine on the cause of the subject jar's failure. Duffer was unable to test the subject jar or any of the jars from the same package,[2] Dkt. 55-5 at 11:4–9, 23:9–14, but submitted an expert report listing several hypotheses for the failure of the jar as described by New, *see* Dkt. 55-4; *see also* Dkt. 55-5 at 11:20–12:21, 26:23–27:2.

On July 9, 2026, Walmart moved for summary judgment on all counts against it, *see* Dkts. 53–54, and a filed a motion to exclude Duffer's expert opinions, Dkt. 56. On July 23, 2026, New filed a motion in limine to exclude or limit Defendants' evidence or expert opinions as to non-subject jars. Dkt. 58. That same day, the parties jointly requested a referral to the District's mediation program, Dkt. 57, which the Court granted, Dkt. 59. Rubbermaid moved for summary judgment on all counts against it on July 28, 2026. *See* Dkts. 63–64. Finally, Defendants filed a motion in limine to limit Duffer's testimony at trial. Dkt. 69. The Court held a hearing on August 25, 2026, and took the motions under advisement.

## II. <u>Legal Standard</u>

Summary judgment will only be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Grogan v. All My Sons Bus. Dev. LLC*, 552 F. Supp. 3d 142, 145 (D. Mass. 2021) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "To succeed [on a motion for summary judgment], the moving party must show that there is an absence

---

[2] The subject jar was disposed of after the incident, RMSF ¶ II.15, and New's counsel elected not to make the other jars in the package available to Duffer, *see* Dkt. 72-3 at 23:9–24:1.

of evidence to support the nonmoving party's position." *Grogan*, 552 F. Supp. 3d at 145 (quoting *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990)).

The Court must view "the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009). However, "[t]he nonmoving party cannot fend off summary judgment unless it makes a competent demonstration that every essential element of its claim or defense is at least trialworthy." *Price v. Gen. Motors Corp.*, 931 F.2d 162, 164 (1st Cir. 1991) (emphasis omitted). "Where the non-moving party bears the ultimate burden of proof, the non-moving party 'must present definite, competent evidence to rebut the motion.'" *Satanic Temple, Inc. v. City of Boston*, 684 F. Supp. 3d 21, 30 (D. Mass. 2023) (quoting *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991)), *aff'd*, 111 F.4th 156 (1st Cir. 2024).

## III. Discussion

### A. Walmart

Walmart argues that Duffer's expert opinions should be excluded as unscientific and unspecific, *see generally* Dkt. 56, and that, accordingly, summary judgment should enter in its favor on all claims against it because New cannot "prove that the actual product he purchased was defective," Dkt. 54 at 1.

#### 1. Count II: Breach of Warranty

"To prevail on either a negligence or breach of warranty claim, the plaintiff must present evidence of a defect." *Liberty Mut. Ins. Co. v. Broan-NuTone LLC*, 731 F. Supp. 3d 205, 220 (D. Mass. 2024). "Typically, '[t]he presence of . . . a defect cannot be inferred in the absence of expert testimony.'" *Id.* at 218 (alteration in original) (quoting *Enrich v. Windmere Corp.*, 416 Mass. 83, 87 (1993)); *cf. Chartier v. Brabender Technologie, Inc.*, 2011 WL 4732940, at *9 (D. Mass. Oct. 5, 2011) ("In claims for both negligent design and warranty liability, the plaintiff

must come forward with competent expert testimony that a defect in the product, present at the time it was sold, caused his injuries.”).

In his expert report, Duffer stated that “catastrophic failure of the jar occurred which leads one to conclude that residual internal stresses and/or physical defects which emanated from vibrations and motion incurred during glass-to-glass contact during transport were contributing factors.” Dkt. 55-4 at 3. Duffer also stated that the absence of any mention of quality checks concerning annealing during the deposition of Rubbermaid’s representative “raises a legitimate question about the possibility the ‘Subject Jar’ exhibited residual stresses which contributed to the failure mechanism that resulted in Mr. New’s injuries.” *Id.* at 4. However, Duffer conceded during his deposition that he never had the opportunity to examine either the subject jar or the other jars in the package, Dkt. 55-5 at 11:4–9, 23:9–14, and that “the precise defect cannot be identified,” *id.* at 12:18–19.

Walmart argues that these opinions are not admissible evidence because Duffer presents no evidence as to the subject jar’s specific defect and that his “‘hypothesis’ . . . does not meet the expert admissibility standards of Rule 702 as it not ‘based on sufficient facts or data,’ nor is it ‘the product of reliable principles and methods.’” Dkt. 54 at 7 (quoting Fed. R. Evid. 702(b)–(c)); *see also* Dkt. 56 at 1 (“In place of an admissible opinion on product defect, Duffer offers speculative hypotheses about how the product could have possibly been defective without any factual or scientific support for his surmise.”).

The Court is persuaded. Duffer conceded at his deposition that his opinions rely primarily on New’s testimony and, at most, some general scientific principles, but rest on no scientific data or testing, or knowledge about how such jars were handled or transported. *See* Dkt. 55-5 at 41:6–10 (“We’re talking in terms of hypotheses, probabilities. I don’t have the details of the life

history [as to handling/transport]. What we have is the fact of Mr. New's injuries and the process he described during which those injuries occurred."); *id.* at 42:22–43:5 ("We don't know the way the contributions -- of any of those factors, just that they're all probabilities worth considering. But the fact is, Mr. New's experience, the jar out of that package exhibited characteristics/properties that were unusual for a brand new jar coming out of the pack."); *id.* at 12:18–21 ("Since the jar is absent, the precise defect cannot be identified. However, the overall behavior contributed to the incident as described by Mr. New."); *id.* at 13:2–7 ("There's no physical evidence which can be subjected to fracology, and during the course of scientific fracology, determine the source of a failure, the nature of the failure, and other factors associated with that particular failure/fracture of the container."); *id.* at 14:20–15:4 ("Q. Okay. Were you able to apply any type of scientific or engineering methodology to your investigation of this incident to determine that there was some defect in the subject jar? A. I could not do that because there's no physical evidence, no remnants from the subject jar that would permit that sort of activity to take place."); *id.* at 33:2–10 ("[Q.] [Y]ou did not review or rely upon any literature, text, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts, or any other written material in connection with the development of your findings, opinions, and conclusions in this case, correct? A. That's correct.").[3]

[3] Duffer even acknowledged that several of his 'hypotheses' for the cause of the glass failure—temperature variation and damage during transport—could have occurred while the subject jar was in Plaintiff's possession. *See* Dkt. 55-5 at 16:19–17:7, 18:9–16, 19:5–19.

Ultimately, then, Duffer's expert opinion amounts to little more than a theory of *res ipsa loquitur*.[4] *See Donahoe v. Maggiano's Holding Corp.*, 440 F. Supp. 3d 92, 97 (D. Mass. 2020) ("Mr. Panish's conclusions about the probability that the door was malfunctioning at the time of the incident are based solely on an unsupported *res ipsa loquitur* assertion that, if the door were working properly, it would not have expelled Ms. Donahoe in the way that she testifies it did. But [*r*]*es ipsa loquitur* is no substitute for the lack of evidence of the defendant's negligence." (alteration in original) (internal quotation marks omitted)); *see also id.* at 97–98 ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." (internal quotation marks omitted)). And "[a]n expert's opinion should be admitted only if it is likely to 'assist the trier of fact to understand or determine a fact in issue.'" *Id.* at 97 (quoting *Smith v. Gen. Elec. Co.*, 2004 WL 870832, at *2 (D. Mass. Apr. 23, 2004)); *see also Hamling v. United States*, 418 U.S. 87, 108 (1974) ("[T]he District Court has wide discretion in its determination to admit and exclude evidence, and this is particularly true in the case of expert testimony."). Accordingly, the Court will grant Walmart's motion to exclude, Dkt. 56, and will not consider Duffer's expert opinions in resolving Walmart's motion for summary judgment.

---

[4] In response to Walmart's motion for summary judgment and accompanying motion in limine to exclude Duffer's opinions, New submitted a declaration by Duffer that attempted to state more definitive opinions as to the cause of the glass failure. *See. e.g.*, Dkt. 61-1 ¶ 9 ("My inability to identify the precise microscopic defect is a limitation on specificity. It is not the same as saying that I have no opinion concerning whether the reported failure was abnormal or consistent with compromised glass integrity."); *id.* ¶ 11 ("The reported behavior of the subject jar, including increased resistance during lid removal, an audible pop, and catastrophic fracture during ordinary opening, is abnormal and atypical for a new jar and is inconsistent with normal, properly fabricated jar performance."); *id.* ¶ 12 ("Based on the materials I reviewed and the assumptions stated above, the reported failure is consistent with compromised glass integrity, including one or more conditions such as residual internal stress, surface or micro-defect, transport/handling damage, annealing-related stress, or another condition compromising the jar's physical integrity."). However, the declaration, dated July 17, 2026, was executed and submitted well past the deadlines for expert disclosures in this case. *See* Dkt. 46. Accordingly, the Court will not consider the declaration. *See Bos. Gas Co. v. Century Indem. Co.*, 529 F.3d 8, 18 (1st Cir. 2008); *Macaulay v. Anas*, 321 F.3d 45, 50–53 (1st Cir. 2003).

Without expert testimony as to defect, that leaves only the question of whether New's claim can survive summary judgment under a theory of *res ipsa loquitur*. *See White v. W.W. Grainger Co.*, 1988 WL 290663, at *1 (D. Mass. Feb. 16, 1988) ("In Massachusetts, a breach of warranty need not be proved by direct evidence of a defect. In some cases, the fact finder may infer from the injury or occurrence that the product was defective, provided the injury would not, as a matter of common knowledge, generally occur unless the product was defective.").

Walmart contends that New's arguments as to *res ipsa loquitur* are untimely because he failed to plead that theory in his second amended complaint and that the Court should reject his "eleventh hour" attempt to raise it in opposition at summary judgment. Dkt. 73 at 5 (quoting *Sundaramurthy v. Abbott Vascular, Inc.*, 775 F. Supp. 3d 576, 588 (D. Mass. 2025)). Walmart further argues that even if the Court *were* to consider New's *res ipsa loquitur* theory, it would fail because New failed to "exclude his own actions as a cause." *Id.* at 5 (quoting *Coyne v. John S. Tilley Co.*, 368 Mass. 230, 238 (1975)).

The Court agrees on both counts. It is unfair, under the facts of this case, to raise it for the first time in opposition to summary judgment, long after discovery has closed. Though the caselaw provides no bright-line rule for when the doctrine of *res ipsa loquitur* must first be raised, as a general principle, "[d]iscovery is intended to avoid trial by ambush." *Hudson-RPM Distributors, LLC v. Bowditch & Dewey, LLP*, 2022 WL 22902243, at *7 (D. Mass. Mar. 29, 2022) ("Discovery is intended to avoid trial by ambush."); *see also Zagklara v. Sprague Energy Corp.*, 2012 WL 3679635 (D. Me. July 2, 2012) ("Summary judgment practice by ambush is no more to be favored than is trial by ambush."), *aff'd*, 2012 WL 3650596 (D. Me. Aug. 24, 2012).

Even assuming, however, that New's *res ipsa loquitur* theory is properly before the Court, New has failed to eliminate himself as a potential cause of the injury. *See Coyne*, 368 Mass. at

239 ("'[T]he inference of negligence does not point to the defendant until the plaintiff himself has been eliminated as a cause.' 'The plaintiff need not exclude every possible cause for his injuries. He is only required to show a greater likelihood that his injury was caused by the defendant's negligence than by some other cause.'" (first quoting Prosser, *Res Ipsa Loquitur in California*, 37 Cal. L. Rev. 183, 201 (1949); then quoting *Jankelle v. Bishop Indus. Inc.*, 354 Mass. 491, 494 (1968))). Specifically, New has failed to counter evidence that he was the cause of the subject jar's failure. *See* Dkt. 74-1 at 3 (report from New's visit to the emergency department stating that "Pt reports that he was washing the dishes and went to swat an ant away and somehow cut his palm on thick glass from a canning jar"); Dkt. 55-5 at 16:19–17:7 ("[Counsel for Defendants:] Is it also possible that the temperature variance between the time the jar was purchased on April 14, 2022 and the date of the incident on May 21, 2022 caused the supposed partial vacuum? [Duffer:] That's a consideration that's legitimate."); *id.* at 18:9–16 ("[Counsel for Defendants:] My question is, could the partial vacuum which Mr. New claims to have encountered when removing the lid of the subject jar have come into occurrence between the time he purchased the jar and the time of the subject incident? [Duffer:] Yeah, I mentioned that it could have."); *id.* at 19:5–19 ([Counsel for Defendants:] Could the type of glass-to-glass contact that you reference in your report as potentially causing physical damage to the jar have occurred after the subject jar left the Defendant's possession? [Duffer:] Hypothetically."). And while "the non-moving party bears the ultimate burden of proof, the non-moving party must present definite, competent evidence to rebut the motion." *Satanic Temple, Inc.*, 684 F. Supp. 3d at 30. New has not. Accordingly, Walmart is entitled to summary judgment as to Count II.

**2. <u>Count I: Negligence</u>**

As with a breach of warranty claim, "[t]o prevail on . . . a negligence . . . claim, the plaintiff must present evidence of a defect." *Liberty Mut.*, 731 F. Supp. 3d at 220; *cf. Chartier*, 2011 WL

4732940, at *9 ("[W]here there is no basis for warranty liability, a manufacturer may not be found to have been negligent." (citing *Enrich*, 416 Mass. at 88)). Given that New has failed to present sufficient evidence of a defect, *see supra* Section III.A.1, Walmart is entitled to summary judgment as to Count I.[5]

**3. <u>Count V: Chapter 93A</u>**

"Where a Chapter 93A claim is wholly derivative of a claim under common law, statute, tort, or contract, and summary judgment is granted as to that claim, summary judgment should normally be granted as to the Chapter 93A claim, as well." *Gattineri v. Wynn MA, LLC*, 2022 WL 123892, at *14 (D. Mass. Jan. 13, 2022). Here, New failed to plead facts "supporting an independent Chapter 93A claim." *edv & cad group v. Scopic Software LLC*, 771 F. Supp. 3d 33, 55 (D. Mass. 2025). Accordingly, Walmart is entitled to summary judgment as to Count V.

**B. <u>Rubbermaid</u>**

Rubbermaid is entitled to summary judgment on all counts against it for substantially the same reasons set forth above.[6]

## IV. <u>Conclusion</u>

For the foregoing reasons, both Walmart's and Rubbermaid's motions for summary judgment, Dkts. 53, 63, are GRANTED, and Walmart's motion to exclude Duffer's expert

---

[5] The Court therefore need not address Walmart's arguments as to negligent handling. *See* Dkt. 73 at 1–4.

[6] The Court notes that Rubbermaid does not move to exclude Duffer's opinions on summary judgment. *But see* Dkt. 69 (moving to limit Duffer's testimony at trial). However, "even if expert evidence is not barred under Rule 702, 'in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment.'" *Longtin v. Organon USA, Inc.*, 363 F. Supp. 3d 186, 195 (D. Mass. 2018) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)). Here, the evidence provided by Duffer, and likely any other expert New could offer under the circumstances, is just that—"insufficient to allow a reasonable juror to conclude that the position more likely than not is true." *Id.* (quoting *Daubert*, 509 U.S. at 596).

opinions, Dkt. 56, is GRANTED. In light of these rulings, New's motion in limine, Dkt. 58, and Defendants' motion in limine, Dkt. 69, are DENIED AS MOOT.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: August 31, 2026